IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

TYLOR THOMAS,

      **Plaintiff,**

v.                                          Case No. 2:17-cv-01405

MAGISTRATE JUDGE ROBIN WATERS,

      **Defendant.**

## PROPOSED FINDINGS AND RECOMMENDATION

On February 27, 2017, the plaintiff, who is proceeding *pro se*, filed a Letter-Form Complaint (ECF No. 1). He subsequently filed an Application to Proceed Without Prepayment of Fees and Costs (ECF No. 4) and a form Complaint (ECF No. 5) alleging that Wood County Magistrate Robin Waters imposed an excessive bail in the plaintiff's criminal proceedings and told him that he "had no rights." This matter is assigned to the Honorable John T. Copenhaver, Jr., Senior United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B), the court is obliged to screen each case in which a plaintiff seeks to proceed *in forma pauperis*, and must dismiss the case if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Pursuant to 28 U.S.C. § 1915A, a similar screening is conducted where a prisoner seeks redress from a governmental entity or officer or employee of a

governmental entity. 28 U.S.C. § 1915A.[1] This screening is done prior to consideration of an Application to Proceed without Prepayment of Fees and Costs, and notwithstanding the payment of any filing fee. A "frivolous" case has been defined as one which is based on an indisputably meritless legal theory. *Denton v. Hernandez*, 504 U.S. 25 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Pro se complaints are held to less stringent standards than those drafted by attorneys, and the court is obliged to construe liberally such complaints. However, in *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." While the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555.

The Supreme Court elaborated on its holding in *Twombly* in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), a civil rights case. The Court wrote:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. [*Twombly*, 550 U.S.] at 555, 127 S. Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted). Rule 8 . . . does not unlock the doors of discovery for a plaintiff

---

[1] The plaintiff was a prisoner at the time he filed his Complaint and also seeks to proceed *in forma pauperis*. Thus, both of these statutory provisions are applicable in this case.

armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556.

\* \* \*

In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

129 S. Ct. at 1949-50.

Because the plaintiff's Complaint fails to state a claim upon which relief can be granted, the defendant has not been served with process and should not be required to appear or defend this matter.

## THE PLAINTIFF'S ALLEGATIONS

As noted above, the plaintiff's Complaint alleges that Wood County Magistrate Robin Waters set and refused to lower an excessive bail in his criminal proceedings and allegedly told him that he "had no rights." The Complaint sought payment of monetary damages in the amount of $200,000 (the amount of the bail set), as well as the movement of his criminal proceedings to another county, and the dismissal of all charges against him.[2]

## ANALYSIS

With respect to the allegations contained in the Complaint, Magistrate Waters was a judicial officer who was engaged in her official judicial duties in connection with the plaintiff's criminal proceedings when the challenged conduct allegedly occurred. It is

---

[2] According to the West Virginia Division of Corrections and Rehabilitation's website, the plaintiff was convicted of burglary by breaking and entering and, on August 7, 2017, he was sentenced to serve 1-15 years in prison. It further appears that he has subsequently been released on parole.

3

firmly settled that judicial officers are immune from liability for damages for acts committed within their judicial jurisdiction, even when the judge is accused of acting maliciously and corruptly. *Pierson v. Ray*, 386 U.S. 547, 554 (1967). The *Pierson* Court further found that:

> It is a judge's duty to decide all cases within his jurisdiction that are brought before him, including controversial cases that arouse the most intense feelings in the litigants. His errors may be corrected on appeal, but he should not have to fear that unsatisfied litigants may hound him with litigation charging malice or corruption. Imposing such a burden on judges would contribute not to principled and fearless decision-making, but to intimidation.
>
> We do not believe that this settled principle of law was abolished by § 1983, which makes liable "every person" who under color of law deprives another person of his civil rights. The legislative record gives no clear indication that Congress meant to abolish wholesale all common-law immunities.

*Id*. The plaintiff's claims against Magistrate Waters should be dismissed with prejudice because they are barred by absolute judicial immunity.

Additionally, in *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989), the Supreme Court held that neither a State nor its officials acting in their official capacities are "persons" under § 1983. Furthermore, pursuant to the Eleventh Amendment to the United States Constitution, the power of the federal judiciary does not extend to suits by a citizen of one state against another, or to suits by a citizen against his or her own state. *Hans v. Louisiana*, 134 U.S. 1, 9 (1980). Thus, the Eleventh Amendment of the United States Constitution bars a suit in a federal court by private parties seeking to impose monetary liability upon a State or State officials, which may be paid from public funds in the state treasury. *Quern v. Jordan*, 440 U.S. 332, 337 (1979). Absent consent, federal suits against a state by a citizen of that state or another state are prohibited by the

Eleventh Amendment. *Kentucky v. Graham*, 473 U.S. 159, 199 (1985); *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 99-100 (1984).

County magistrates are supervised by the Supreme Court of Appeals of West Virginia and are, thus, considered state officials. Accordingly, the undersigned further proposes that the presiding District Judge **FIND** that Magistrate Waters, in her official capacity, is not a proper party who can be sued under 42 U.S.C. § 1983 and is immune from liability for monetary damages under the Eleventh Amendment.

Accordingly, the undersigned proposes that the presiding District Judge **FIND** that Plaintiff's Complaint fails to state a claim upon which relief can be granted against Magistrate Waters.

## **RECOMMENDATION**

For the reasons stated herein, the undersigned proposes that the presiding District Judge **FIND** that the plaintiff's Letter-Form Complaint (ECF No. 1) and Complaint (ECF No. 5) fail to state a claim upon which relief can be granted. It is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** this civil action pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B) and 1915A, and **DENY** the plaintiff's Application to Proceed without Prepayment of Fees and Costs (ECF No. 4).

The plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., Senior United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with

the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Judge Copenhaver.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the plaintiff.

November 6, 2018

Dwane L. Tinsley
United States Magistrate Judge